**Michael B. DORSEY, Appellant**

v.

**SUPERIOR COURT FOR the DISTRICT OF COLUMBIA and Sherman Lankford, Appellees**

**No. 17-7060**
**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: December 20, 2017

Michael B. Dorsey, Pro Se

BEFORE: Griffith and Pillard, Circuit Judges, and Ginsburg, Senior Circuit Judge

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. <u>See</u> Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order, filed March 22, 2017, be affirmed. The district court correctly dismissed appellant's claim against the District of Columbia Superior Court because "federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts." <u>Richardson v. District of Columbia Court of Appeals</u>, 83 F.3d 1513, 1514 (D.C. Cir. 1996). Dismissal of the claim against appellee Lankford was also proper. The district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The district courts have jurisdiction in "federal question" cases, <u>i.e.</u>, civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and in "diversity" cases, <u>i.e.</u>, civil actions between citizens of different states or between United States citizens and foreign citizens or foreign states, provided the matter in controversy exceeds $75,000, 28 U.S.C. § 1332. In this case, appellant failed to plead facts to establish federal question jurisdiction or diversity jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.